**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALISA JONES, on her own behalf and**
**on behalf of all others similarly**
**situated,**

                              **Plaintiffs,**

**-vs.-**                                        **Case No.:  6:06-cv-651-Orl-19DAB**

**TT OF LONGWOOD, INC. d/b/a**
**CORY FAIRBANKS MAZDA,**

                              **Defendant.**
_____

## ORDER

This case comes before the Court on the following:

1.    Defendant's Motion and Memorandum of Law for Stay of Proceedings and to Compel Mediation and Arbitration, filed by Defendant TT of Longwood, d/b/a Cory Fairbanks Mazda on June 23, 2006; (Doc. No. 15);

2.    Defendant's Request for Oral Argument on Defendant's Motion and Memorandum of Law for Stay of Proceedings and to Compel Mediation and Arbitration, filed by Defendant on June 23, 2006; (Doc. No. 17); and

3.    Plaintiff's Memorandum in Opposition to Defendant's Motion for Stay of Proceedings and to Compel Mediation and Arbitration, filed by Plaintiff Alisa Jones on July 10, 2006.  (Doc. No. 24).

**Background**

The following allegations are taken from Plaintiff's Complaint. (Doc. No. 1-1, filed on May 15, 2006).  On June 1, 2005, Plaintiff Alisa Jones visited Defendant's dealership to purchase a new Mazda automobile.  She signed several documents including an installment payment contract, a "Buyer's Offer and Purchase Option Contract," and a form entitled "Bailment Agreement for Vehicle Spot Delivery."  (*See, e.g.,* Doc. No. 1-1, pp. 9-10; Doc. No. 1-3).  The Offer and Purchase Option Contract contained a clause mandating mediation should any dispute, claim, or controversy arising out of or relating to the contract arise.  (*See, e.g.,* Doc. No. 15, pp. 2-3).  The document, entitled Bailment Agreement for Vehicle Spot Delivery, provided that pending credit approval of the buyer, the purchased vehicle would remain the property of the dealer.[1]  (*See* Doc. No. 24, p. 9).

Several days after the documents were signed, the Defendant notified the Plaintiff that her financing agreement had been rejected and demanded return of the vehicle.  (*See, e.g.,* Doc. No. 1-1, pp. 9-10). The parties were not able to agree on a subsequent contract.  As the question currently before the Court deals with the legal issue of arbitration rights, the Court will omit discussion of the remaining factual allegations of Plaintiff's Complaint.

Defendant now asks the Court to stay the instant suit and compel Plaintiff to participate in mediation and arbitration pursuant to the arbitration clause in the purchase contract.  Plaintiff responds that since the contract was declared a nullity, the arbitration

---

[1]    Although the allegations of the Complaint do not specifically state that the Defendant rescinded the contract, Florida Courts have held that under these factual circumstances, cancellation by the dealer is tantamount to rescission.  *See, e.g., Henderson v. Coral Springs Nissan, Inc.*, 757 So. 2d 577 (Fla. 4th DCA 2000).

clause cannot legally be enforced.

## Analysis

Under Florida law, Plaintiff cannot be required to submit to mediation and arbitration under the agreements she signed.  In determining whether a dispute should be submitted to arbitration, Florida law requires courts to consider three issues: 1) whether a valid written agreement to arbitrate exists; 2) whether an arbitrable issue exists; and 3) whether the right to arbitration was waived.  *See, e.g., Seifert v. U.S. Home Corp.,* 750 So. 2d 633, 636 (Fla.1999); *Smart v. Bob Wilson Dodge*, No. 8:06-cv-22-T-30TGW, 2006 WL 1037113, at *2 (M.D. Fla. Apr. 19, 2006).  The duty to arbitrate does not end when a contract is terminated as long as the dispute concerns matters arising under the contract.  *See, e.g., Qubty v. Nagda,* 817 So. 2d 952, 956 (Fla. 5th DCA 2002).  However, "[t]he effect of rescission is to render the contract abrogated and of no force and effect from the beginning. If there is no contract, there can be no arbitration clause 'of the contract.' " *See, e.g., Henderson v. Coral Springs Nissan, Inc.,* 757 So. 2d 577, 578 (Fla. 4th DCA 2000) (per curiam) (quoting *Borck v. Holewinski*, 459 So.2d 405 (Fla. 4th DCA 1984)) (rehearing denied Jun. 14, 2000).

The facts of the instant case are virtually identical to those in *Henderson*.  In *Henderson*, one day after a vehicle purchase agreement was executed, a car dealership requested that the plaintiff make an additional down payment, which she refused.  The dealership then unilaterally rescinded the contract and repossessed the vehicle.  *See id*. at 577.  In reversing the trial court's decision to compel arbitration, the Court reasoned that the cancellation of the agreement by the dealer was tantamount to rescission and that there could

be no enforceable arbitration clause when the contract was rescinded prior to a motion to compel arbitration. *See id.*; *accord Towers v. Clarendon Nat. Ins. Co.*, 927 So. 2d 913, 914 (Fla. 2d DCA 2006) (rehearing denied Jan. 26, 2006); *Niven v. G.F.B. Enterprises, LLC*, 849 So. 2d 1093, 1094 (Fla. 3d DCA 2003) (rehearing denied Jul. 25, 2003); *see also Acumen Constr., Inc. v. Neher*, 616 So. 2d 98, 99-100 (Fla. 2d DCA 1993) (trial court properly refused to compel arbitration where issue present regarding whether contract even exists between parties).

In the instant case, arbitration cannot be compelled because under the allegations of the Complaint, no valid, written agreement to arbitrate exists. *See Seifert,* 750 So. 2d at 636. Thus, the Court will deny Defendant's Motion to compel mediation and arbitration.

### Conclusion

Based on the foregoing, the Defendant's Motion and Memorandum of Law for Stay of Proceedings and to Compel Mediation and Arbitration, filed by Defendant TT of Longwood, d/b/a Cory Fairbanks Mazda, (Doc. No. 15), and the Defendant's Request for Oral Argument, (Doc. No. 17), are **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 16th day of September, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

-4-

Copies furnished to

Counsel of Record