**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALISA JONES, on her own behalf and**
**on behalf of all others similarly**
**situated,**

                             **Plaintiffs,**

**-vs.-**                                         **Case No.:  6:06-cv-651-Orl-19DAB**

**TT OF LONGWOOD, INC. d/b/a**
**CORY FAIRBANKS MAZDA,**

                             **Defendant.**
_____

**ORDER**

This case comes before the Court on the following:

1. Defendant's Motion and Memorandum of Law in Support of Defendant's Motion to Dismiss, filed by Defendant TT of Longwood, Inc., d/b/a Cory Fairbanks Mazda on June 23, 2006; (Doc. No. 20);

2. Defendant's Request for Oral Argument on Defendant's Motion and Memorandum of Law in Support of Defendant's Motion to Dismiss, filed by Defendant on June 23, 2006; (Doc. No. 16); and

3. Memorandum in Opposition to Defendant's Motion to Dismiss, filed by Plaintiff Alisa Jones on July 10, 2006.  (Doc. No. 23).

**Background**

The following allegations are taken from Plaintiff's Complaint. (Doc. No. 1-1, filed on May 15, 2006). On June 1, 2005, Plaintiff Alisa Jones visited Defendant's dealership to purchase a new Mazda automobile. She signed several documents including an installment payment contract, a "Buyer's Offer and Purchase Option Contract," and a form entitled "Bailment Agreement for Vehicle Spot Delivery." (*See, e.g.,* Doc. No. 1-1, pp. 9-10; Doc. No. 1-3). The Offer and Purchase Option Contract contained a clause mandating mediation should any dispute, claim, or controversy arising out of or relating to the contract arise. (*See, e.g.,* Doc. No. 1-3). The document entitled Bailment Agreement for Vehicle Spot Delivery provided that pending credit approval of the buyer, the purchased vehicle would remain the property of the dealer.[1] (*See* Doc. No. 1-3).

Several days after the documents were signed, the Defendant notified the Plaintiff that her financing agreement had been rejected and demanded return of the vehicle. (*See, e.g.,* Doc. No. 1-1, pp. 9-10). The parties were not able to agree on a subsequent contract, and the Plaintiff then filed the instant lawsuit on her behalf and on behalf of others similarly situated, alleging the Defendant of unfair credit, lending, and business practices under the Truth in Lending Act ("TILA", Count I), the Florida Motor Vehicle Retail Sales Finance Act ("MVRSFA", Counts II and III), the Fair Credit Reporting Act ("FCRA", Count IV), the Florida Consumer Collections Practices Act ("FCCPA", Count V), and the Florida Deceptive

---

[1] Although the allegations of the Complaint do not specifically state that the Defendant rescinded the contract, Florida courts have held that under these factual circumstances, cancellation by the dealer is tantamount to rescission. *See, e.g., Henderson v. Coral Springs Nissan, Inc.*, 757 So. 2d 577 (Fla. 4th DCA 2000).

and Unfair Trade Practices Act ("FDUTPA", Count VI).  (*See generally* Doc. No. 1-1).

Defendant now files the instant Motion to Dismiss and argues that all six Counts of Plaintiff's Complaint fail to state a cause of action and that she lacks standing to be a class representative for several of her claims.  Plaintiff responds that the Defendant's Motion is without merit and that the allegations are all true.

## Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits.  *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## Analysis

### A.  Request for Oral Argument

Defendant requests the Court to permit oral argument on its Motion to Dismiss.  (*See* Doc. No. 16).  After reviewing the record, the Court determines that oral argument is not necessary to determine a resolution to the issues set forth in the Motion.  Thus, Defendant's request for oral argument, (Doc. No. 16) is denied.

### B. Class Certification Issues

Defendant argues that Plaintiff is an inappropriate class representative and that the allegations in the Complaint are inappropriate for resolution in a class action proceeding. (*See* Doc. No. 20, pp. 7-9). Such arguments are inappropriate for resolution at this time, as Plaintiff has not yet filed a motion for certification of a class action pursuant to Federal Rule of Civil Procedure 23 and the Court has not yet determined by Order whether to certify the case at bar as a class action. *See, e.g.,* Fed. R. Civ. P. 23(c). Thus, these argument are premature, and dismissal of the complaint on these grounds will be denied without prejudice.

### C. Count I

Count I of the Complaint alleges that Defendants have violated the Truth in Lending Act ("TILA") by employing illusory disclosures in its sales installment contracts. (*See* Doc. No. 1-1, pp. 14-16). Defendant argues that Count I of the Complaint must be dismissed, as the contract documents contradict Plaintiff's allegations and Plaintiff has not pled her claim with the requisite particularity. (*See* Doc. No. 20, pp. 9-10). The Court finds that Plaintiff has adequately stated a cause of action under the TILA.

The TILA is a remedial statute that is to be liberally construed in favor of the consumer. *See, e.g., Cody v. Cmty. Loan Corp. of Richmond County*, 606 F.2d 499, 505 (5th Cir. 1979). Under this regime, Congress has allowed plaintiffs to seek statutory damages to provide at least a partial remedy for all material TILA violations, and has also allowed plaintiffs to seek actual damages to ensure that consumers who have suffered actual harm due to a lender's faulty disclosures can be fully compensated even if the total amount of their

harm exceeds the statutory ceiling on TILA damages. *See Turner v. Beneficial Corp.*, 242 F.3d 1023, 1026 (11th Cir. 2001). However, the TILA was not intended to be a general prohibition against fraud in consumer credit transactions; its limited office is to protect consumers from being misled about the cost and inaccurate itemization of credit. *See, e.g., Gibson v. Bob Watson Chevrolet-Geo, Inc.*, 112 F.3d 283, 285 (7th Cir. 1997); *Jackson v. American Loan Co., Inc.,* No. 99C2067, 1999 WL 417440, at *3 (N.D. Ill. June 1, 1999).

In the instant case, Plaintiff seeks, *inter alia*, her actual damages for Defendant's purported violation of the TILA. (Doc. No. 1-1, ¶ 33). The United States Court of Appeals for the Eleventh Circuit has held, along with most courts which have addressed the issue, that detrimental reliance is a required element of a TILA claim seeking actual damages and must be proved by the plaintiff at trial. *Turner*, 242 F.3d at 1028. Although Plaintiff fails to specifically allege that she relied to her detriment on the disclosures in the sales contract, such allegation can clearly be implied from the remaining allegations of the Complaint.

An allegation of detrimental reliance states that the plaintiff relied to her detriment on a false statement concerning a material fact made with knowledge of its falsity and with an intent to induce reliance. *See, e.g., George Hunt, Inc. v. Wash-Bowl, Inc.*, 348 So.2d 910 (Fla. 2d DCA 1977). Here, Plaintiff need not plead that she was precluded from discovering the truth as to misrepresented facts, provided that the allegations of the complaint, when taken as true, establish a reasonable reliance on material representations of existing fact. *See Avila South Condominium Ass'n v. Kappa Corp.*, 347 So.2d 599 (Fla.1977); *Peninsular Florida Dist. Council of Assemblies of God v. Pan Am. Inv. and Dev. Corp.*, 450 So. 2d 1231, 1232 (Fla. 4th DCA 1984). Plaintiff alleges in her Complaint that an agent of the

Defendant assured her that she qualified for a loan and the Defendant could finance her new vehicle purchase both before and during her visit to the dealership. (Doc. No. 1-1, ¶¶ 17-18). Plaintiff also alleges that the terms of the offer were contained in the retail installment contract that the parties signed. (*See id.* at ¶ 16). Plaintiff further alleges that these terms were illusory, as they were subject to change or cancellation at Defendant's sole and arbitrary discretion. (*See id.* at ¶ 30). Finally, Plaintiff alleges that after the documents were signed, the Defendant delivered the new vehicle to her and she left the dealership believing the car was hers, even planning to take a trip with her new vehicle the following week. (*See id*. at ¶¶ 16, 19). Accepting the allegations of the Complaint as true, considering all reasonable inferences therefrom, and viewing the allegations of the Complaint in the light most favorable to the Plaintiff, the Complaint adequately alleges that Plaintiff reasonably relied to her detriment on the representations made by Defendant before and during the signing of the installment sales contract regarding Plaintiff's creditworthiness and her prospective loan. Thus, the Court will deny the Defendant's Motion to dismiss Count I of the Complaint.

### D.  Counts II and III

Counts II and III of the Complaint allege that Defendant has violated the Florida Motor Vehicle Retail Sales Finance Act ("MVRSFA"). Specifically, Plaintiff alleges that Defendants violated the Act by willfully failing to complete the installment sales contract as to all essential provisions at the time of consummation and by unlawfully attempting to have Plaintiff sign a form which purports to waive her rights under the TILA, the MVRSFA, and the installment sales contract. (*See* Doc. No. 1-1, pp. 17-18). Plaintiff further alleges

that Defendant's "bailment agreement" form purports to relieve Defendant from any status as creditor, thus waiving its obligations and some of Plaintiff's rights under TILA, the MVRSFA, and the installment sales contract. Defendant claims Counts II and III should be dismissed because the documents attached to the Complaint demonstrate that there is no violation, that conditional sales contracts are permissible as a matter of law, and that Plaintiff has failed to plead her claim with the requisite particularity. (*See* Doc. No. 20, pp. 10-13).

The Court finds that Plaintiff has adequately stated a claim for relief under her MVRSFA claims. First, the Plaintiff has pled her claims with the requisite particularity. A plaintiff must allege fraud with sufficient particularity to permit "the person charged with fraud to have a reasonable opportunity to answer the complaint and adequate information to frame a response." *See, e.g., Leisure Founders, Inc. v. CUC Intern, Inc.*, 833 F.Supp. 1562, 1575 (S.D. Fla. 1993). Federal Rule of Civil Procedure 9(b) requires that allegations of fraud must be accompanied by "some delineation of the underlying acts and transactions which are asserted to constitute fraud." *See, e.g.,* Fed. R. Civ. P. 9(b); *Merrill Lynch, etc. v. Del Valle*, 528 F.Supp. 147, 149 (S.D. Fla. 1981). The complaint must describe specific acts and omissions which, if true, might well be found after a trial to constitute fraudulent conduct on the part of the defendants. *See Felton v. Walston & Co.*, 508 F.2d 577, 582 (2d Cir.1974).

Defendant argues that both of Plaintiff's MVRSFA claims are so analogous to fraud claims that the Court should require her to plead them with particularity. Defendant cites no authority for such argument other than the concurring opinion of a Florida District Court

of Appeal case based only a separate statute and the Florida Rules of Civil Procedure.[2] The Court declines to extend such language to the instant case. Furthermore, even if the Court were to apply such language, the Court agrees with Plaintiff's argument that her statutory MVRSFA claims are not so analogous to a fraud claim as to trigger the Rule 9(b) pleading with particularity requirement. Finally, Plaintiff has provided the date, time, and subject matter of the contract and provided great detail regarding the transaction in question, attaching several of the forms to her Complaint. Plaintiff's claims include sufficient delineation of the underlying facts and transactions to provide the Defendant with sufficient notice to frame a response. *See, e.g., Merrill Lynch*, 528 F.Supp. at 149.

Defendant's other arguments also fail. Considering the allegations of the Complaint as true, accepting all reasonable inferences therefrom, and viewing the contract and the allegations of the Complaint in the light most favorable to the Plaintiff, the Court cannot state as a matter of law that Defendant's conduct and contract language do not violate the MVRSFA which requires a retail installment contract to contain in writing all essential provisions *prior* to the signing of the contract by the buyer and for such provisions to be lawful. *See* F.S.A. §§ 520.07; 520.13. Thus, the Motion to dismiss Counts II and III of the Complaint is denied.

### E.  Count IV

Plaintiff alleges in Count IV of the Complaint that Defendant violated the Fair Credit Reporting Act ("FCRA") by willfully, knowingly, and/or negligently using its computer

---

[2] *See General Motors Acceptance Corp. v. Laesser*, 718 So. 2d 276, 279 (Fla. 4th DCA 1998) (Gross, J., concurring specially).

software to obtain consumer credit information which was not for the lawful purpose of requesting, obtaining, and using the Plaintiff's information in order to extend credit.  (*See* Doc. No. 1-1, pp. 19-22).  Defendant argues that Plaintiff's claim should be dismissed because she fails to plead facts with the requisite specificity, because Defendant clearly had a lawful purpose when requesting the information, and because Plaintiff has not shown actual damages.  (*See* Doc. No. 20, pp. 13-15).

Plaintiff has stated a claim for relief under the FCRA.  The FCRA, 15 U.S.C. § 1681, provides for civil liability and criminal penalties for those who do not comply with the Act.  Sections 1681n and 1681o, respectively, make consumer reporting agencies and users of information liable for willful or negligent noncompliance with "any requirement imposed" under the Act.  Noncompliance with § 1681q thereby forms a basis of civil liability under § 1681n.  *See id.*  Uses for "improper purposes" under the Act have been found to be those uses that are not specified in Section 1681b as permissible purposes, including when a user of information obtains credit information from a consumer under false pretenses.  *See, e.g.*, 18 U.S.C. §§ 1681b, 1681n; *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002).

These allegations state a claim for relief under the FCRA.  Plaintiff has also adequately stated that she has suffered damages as a result of such alleged violation of the FCRA.  (*See* Doc. No. 1-1, ¶¶ 56-57).  Defendant's arguments that the allegations of the Complaint are untrue and that Plaintiff cannot demonstrate actual damages are best resolved in a motion for summary judgment.  At the motion to dismiss state, the Court must view the allegations of the Complaint as true and accept all reasonable inferences therefrom.  *See Jackson,* 21 F.3d at 1534.  Thus, the Motion to dismiss Count IV of the Complaint is denied.

### F. Count V

Count V of the Complaint alleges that Defendant violates the Florida Consumer Collections Practices Act ("FCCPA") by knowingly establishing a regular and customary pattern of obtaining Plaintiff's signature on a rescission form which asserts the existence of an unlawful right to take the Plaintiff's vehicle and unilaterally rescind the credit transactions between the parties.  (*See* Doc. No. 1-1, pp. 22-23).  Defendant argues that Count V must be dismissed because the financing contingencies in the contract documents are permitted by law, Defendant is not a creditor under the FCCPA, no debt was created by the contract by Plaintiff's admission, and the Complaint fails to state facts with the requisite level of particularity.  (*See* Doc. No. 20, p. 16).

The Court finds that Count V must be dismissed.  The FCCPA seeks in part to protect Florida consumers from the illegal and unscrupulous practices of debt collectors and other persons.  *See, e.g., Coastal Physician Serv. of Broward County, Inc. v. Ortiz*, 764 So.2d 7 (Fla. 4th DCA 1999); F.S.A. § 559.72.  Section 559.72(9) of the FCCPA prohibits any person in collecting consumer debts from, *inter alia*, attempting to enforce a knowingly illegitimate debt or knowingly asserting the existence of some other legal right when such person knows that the right does not exist.  *See id. at* § 559.72(9).  Although Defendant is incorrect that the Plaintiff must allege that the Defendant is a "debt collector" in Order to state a cause of action under the FCCPA,[3] Count V still fails to state a cause of action for a

---

[3]   *See, e.g., Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 (Fla. 4th DCA 2002); *White v. Fed. Fin. Corp.*, 379 So. 2d 136, 138 (Fla. 5th DCA 1980); *Cook v. Blazer Fin. Serv., Inc.*, 332 So. 2d 677 (Fla. 1st DCA 1976) ("person" under Section 559.77, Florida Statutes, is a term not limited to debt collectors).

violation of the FCCPA. While Plaintiff alleges that Defendant knowingly asserted the existence of a legal right which does not actually exist, Plaintiff fails to allege that the Defendant committed such action in the collection of a consumer debt. *See* F.S.A. § 559.72 ("In collecting consumer debts, no person shall..."). Nor does Plaintiff even allege the existence of a debt or a claimed debt. Therefore, Count V of the Complaint must be dismissed.

### G. Count VI

Count VI of the Complaint alleges that Defendant has violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by violating the TILA, MVRSFA, FCRA, FCCPA, and by engaging in other unscrupulous trade practices in conjunction with the retail installment contract. (*See* Doc. No. 1-1, pp. 23-28). Defendant argues that as a matter of law the record establishes that it has engaged in no illegal or unfair trade practices and that Plaintiff has failed to allege a violation of the FDUTPA with the requisite level of specificity. (*See* Doc. No. 20, pp. 16-20).

The FDUTPA broadly declares unlawful any unfair or deceptive acts or practices committed in the conduct of any trade or commerce. F.S.A. § 501.204(1). Section 501.211 provides that any person who has suffered a loss as a result of such practices may commence a private action for actual damages and possibly attorney's fees and court costs. F.S.A. § 501.211(2). In creating the FDUTPA, the Florida legislature intended to create a simplified statutory cause of action which bestows additional substantive remedies on Florida citizens to recover economic damages related to a product or service purchased in a consumer transaction involving unfair or deceptive trade practices or acts. *Delgado v. J.W. Courtesy*

*Pontiac GMC-Truck, Inc.*, 693 So. 2d 602, 606 (Fla. 2d DCA 1997). Thus, the Florida Supreme Court has emphasized that the remedies of the FDUTPA "are in addition" to other remedies available under state or local law. *Pinellas County Department of Consumer Affairs v. Castle*, 392 So.2d 1292, 1293 (Fla.1980). A practice is unfair under the FDUTPA if it offends established public policy, is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Suris v. Gilmore Liquidating, Inc*., 651 So.2d 1282, 1283 (Fla. 3d DCA 1995).

The Court finds that Count VI sufficiently states a claim for relief under the FDUTPA. While the Complaint does not specifically state that Defendant has committed an unfair or deceptive trade practice under the meaning of Section 501.204(1), taking the allegations of the Complaint as true and accepting all reasonable inferences therefrom, the alleged violations of the TILA, MVRSFA, FCRA, FCCPA and the other alleged misrepresentations by the Defendant clearly amount to an unfair or deceptive trade practice under the FDUTPA. Florida law is clear that a violation of FDUTPA may be based upon "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." *See, e.g.,* F.S.A. § 501.203(3)(c); *Smith v. 2001 South Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. 4th DCA 2004). Such claim by Plaintiff falls easily within the liberal alternative pleading requirements allowed by Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8(a). Therefore, Defendant's contention that at this stage, Plaintiff's FDUTPA claim must be dismissed with prejudice is denied.

**Conclusion**

Based on the foregoing, Defendant's Motion and Memorandum of Law in Support of Defendant's Motion to Dismiss, filed by Defendant TT of Longwood, Inc., d/b/a Cory Fairbanks Mazda on June 23, 2006, (Doc. No. 20), is **GRANTED in part and DENIED in part**. The Court will **DISMISS** Count V of the Complaint. In all other respects, the Motion to Dismiss is **DENIED**. Defendant's request for oral argument, (Doc. No. 16), is also **DENIED**.

Plaintiff shall have ten (10) days from the date of this Order to submit an Amended Complaint which comports with this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _26th_ day of September, 2006.

*[Signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record